**Reversed and Remanded and Majority and Dissenting Opinions filed August 10, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00086-CR

### VITAL GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1533080**

### DISSENTING OPINION

The elements of the offense of first-degree aggravated assault of a family member require evidence that the actor used a deadly weapon during the commission of an assault and caused serious bodily injury. *See* Tex. Penal Code Ann. § 22.02(b)(1); *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016).

The Penal Code defines "bodily injury" as "physical pain, illness, or any impairment of physical condition" and "serious bodily injury" as "bodily injury

that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code Ann. § 1.07(a)(8), (46). Whether an injury constitutes serious bodily injury is determined on a case-by-case basis. *Miller v. State*, 312 S.W.3d 209, 213 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Moore v. State*, 739 S.W.2d 347, 349 (Tex. Crim. App. 1987), *overruled on other grounds by Blea v. State*, 483 S.W.3d 29, 34 (Tex. Crim. App. 2016)). A gunshot wound is not per se serious bodily injury. *Williams v. State*, 696 S.W.2d 896, 898 (Tex. Crim. App. 1985). The relevant inquiry is the degree of risk posed and the disfiguring and impairing quality of the injury as inflicted. *See Blea*, 483 S.W.3d at 34–35. Serious bodily injury may be established without a physician's testimony when the injury and its effects are obvious. *Id*. at 35.

Complainant suffered two gunshot wounds near vital organs, bled profusely, lost consciousness, required emergency room treatment, has bullet fragments in her right thigh, and has scars from the bullet wounds. The testimony of the emergency room physician who treated Complainant established both that the Complainant suffered serious bodily injury and that her injuries could have caused Complainant's death.

The jury is free to apply its common sense, knowledge, and experience to draw reasonable inferences from the facts presented. *Eustis v. State*, 191 S.W. 3d 879, 884 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also Montgomery v. State*, No. 14-16-00365-CR, 2017 WL 2484375, at *3 (Tex. App.—Houston [14th Dist.] June 8, 2017, pet. ref'd) (mem. op., not designated for publication).

Here, the evidence demonstrated that appellant shot Complainant twice with a .40 caliber handgun—in her right thigh and right breast. After she was shot, Complainant was bleeding and made it to her vehicle, but was unable to drive even

a block away. She testified she did not think she would make it to the hospital, and thought she was going to die. After obtaining assistance from a security guard, Complainant was taken by ambulance to the emergency room. She said that after she got into the ambulance, she "went out" and remembered nothing after that until she got to the hospital.

Complainant's loss of blood was confirmed by photographs from the scene showing blood on the floor, a wall, a pillow, and a towel, as well as the EMS report that showed the bleeding was controlled by the EMS crew. Complainant did not have surgery but testified at trial that she still had scars on her breast and her leg.

Jordan Smith, M.D., testified that he was the emergency physician who treated Complainant, and was, at the time of her treatment, a specialist in emergency medicine. According to Dr. Smith, Complainant suffered two gunshot wounds—one through her right breast and the other through her right thigh "with a retained bullet." He reported that there were four wounds, two entrance and two exit wounds, that had to be stapled closed.

Dr. Smith testified that a gunshot wound can cause serious bodily injury and death, and based on the location of Complainant's wounds, he opined she sustained serious bodily injury:

> Q: Based on the location of [Complainant's] gunshot wound, would you consider that serious bodily injury?
>
> A: Yes, I would.

Dr. Smith described the vital organs that are close to the gunshot wound to Complainant's breast, including the vessels underneath the ribs and thorax, the heart, and lungs. He stated his primary concerns included: the bullet hitting her lung and causing a collapsed lung, bleeding in the thorax, and the bullet hitting her

3

heart or a major artery, which could have caused her death. Dr. Smith testified he had seen multiple deaths occur from gunshots in the chest area. He testified the gunshot to Complainant's thigh was close to her femur bone, major arteries and veins, the femoral artery, femoral vein, and nerves, that, if hit, could have caused her death.

Photographs taken of the crime scene and introduced into evidence showed blood on the wall and floor of the apartment, as well as on a pillow and what looks like a towel. Complainant's medical records, which were also admitted as evidence, showed that she was shot at close range with a handgun and was experiencing pain. The wounds were closed by twelve staples that could not be removed for ten days. The lacerations were described as "deep," and fragments of the bullet that entered her leg remained in her leg after treatment.

Complainant testified that she had scars from the wounds, and Dr. Smith confirmed that such wounds commonly lead to scarring.

Under our highly deferential standard of review, the following evidence was before the jury:

(1) the Complainant suffered four wide and deep wounds from two bullets that passed through her breast and her thigh;

(2) the Complainant was bleeding, in shock, thought she was going to die, and had "gone out" before arriving at the hospital;

(3) Dr. Smith, an emergency room physician specialist, had to close the wounds with twelve staples that could not be removed for ten days;

(4) Dr. Smith, a specialist in emergency medicine, testified based upon the location of the gunshot would, he considered the wound as "serious bodily injury"; and

4

(5) Dr. Smith had seen multiple deaths occur from gunshots in the chest area and that the location of either gunshot wound could have caused the Complainant's death.

This is sufficient evidence on which a rational trier of fact could have found that the assault caused serious bodily injury, and that Complainant was exposed to a substantial risk of death. *See Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Hart v. State*, 581 S.W.2d 675, 677 (Tex. Crim. App. [panel op.] 1979) (stating that a complainant is qualified to express an opinion regarding the seriousness of her injuries); *Pruneda v. State*, 329 S.W.2d 886, 887 (Tex. Crim. App. 1959) (holding doctor's testimony that lacerations to complainant's head were serious injury was sufficient to show serious bodily injury); *see also Kerby v. State*, No. 14-10-00416-CR, 2011 WL 3667844, at *5 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, pet. ref'd) (mem. op., not designated for publication) (noting complainant's testimony stating he thought he was going to die in support of the conclusion that there was sufficient evidence supporting a finding of serious bodily injury); *Dupee v. State*, No. 05-91-01566-CR, 1994 WL 60604, at *6 (Tex. App.—Dallas Feb. 23, 1994, pet. ref'd) (not designated for publication) (same).

As judge of the credibility of the witnesses, a jury may choose to believe all, some, or none of the testimony presented. *See Cain v. State*, 958 S.W.2d 404, 407 & n.5 (Tex. Crim. App. 1997). Based on the evidence and reasonable inferences drawn from the evidence, the jury could have found the challenged element of the crime beyond a reasonable doubt. *See Whatley*, 445 S.W.3dat 166; *see also Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). Our function is not to sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence, *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010), and we should decline to do so here.

I respectfully dissent because the majority errs in concluding the evidence is insufficient to support the jury finding that Complainant suffered serious bodily injury, reversing appellant's conviction for first degree aggravated assault of a family member. Because there was evidence to support the jury finding of serious bodily injury caused by the assault, appellant's issues should be overruled and his conviction for first degree aggravated assault of a family member affirmed.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant. (Bourliot, J. majority).

Publish — TEX. R. APP. P. 47.2(b).